CASE 79—PETITION EQUITY—MAY 28.

# Johnson v. Hughart, &c.

APPEAL FROM HANCOCK CIRCUIT COURT.

1. ESTOPPEL.—A. desiring to provide for B.'s wife and children, transferred to B. some notes in consideration of B.'s. agreement to convey to him a certain tract of land, A. agreeing to convey the land to B.'s wife for her separate use for life, and at her death to her children. A. supposing the land had been conveyed to him pursuant to the agreement, executed to B.'s wife and children a conveyance therefor as agreed, B. ratifying the conveyance after it was executed. In fact, however, B. had not conveyed the land to A., and never did so. Thereafter B. and wife executed to appellant a mortgage upon the land to secure a debt of B.; the mortgage describing the land as that conveyed by A. to B.'s wife. *Held*—That B. is estopped to deny that the deed from A. to his wife and children is binding upon him, and his vendees and privies are likewise bound by estoppel. Therefore the mortgage to appellant is invalid.

2. FALSE RECITAL IN MORTGAGE.—Husband and wife united in a mortgage of the husband's land, the mortgage, however, describing the land as that of the wife. *Held*—That while the false recital in the mortgage renders it inoperative as against third persons without notice of the true state of the case, yet, like an unrecorded mortgage, it is good as between the parties, and also good as against third persons with notice of all the facts.

3. LIENS.—The mortgageor of a life estate in lands having acquired also the reversion, C., the mortgagee, asserted a lien upon the mortgageor's absolute estate, which was sold to satisfy the mortgagee's debt, the claim of a lien upon the fee not being resisted by the mortgageor D., the holder of a mortgage upon the mortgageor's absolute estate in the same land, not having been made party to C.'s action, now asserts his lien. D.'s mortgage, by reason of a false recital therein, was not good as against C., who had no notice of the facts. *Held*—That while C. had a lien only on the mortgageor's life estate, yet as his claim to a lien upon the fee was not resisted, and he could have purchased the reversion from the mortgageor, or could have had his execution issued and levied thereon and acquired a good title as against D., the latter can not complain because the same thing has been accomplished in another way.

vol. 85—42.

W. N. & J. J. SWEENEY for APPELLANTS.

1. The consideration recited in the conveyance from Mrs. Miller to Mrs. Hughart can not be contradicted. The recital of one dollar being but nominal, may be supplemented by parol, but that of natural love and affection is *real*, and may not be contradicted or added to. Therefore it can not be shown that the consideration was a surrender of Hughart's notes.

2. Mrs. Hughart was not present at the execution of the conveyance, and never subsequently accepted it. Nor is it shown that John W. Hughart himself was present, or that he assented to the conveyance.

3. The recital in the mortgage to appellant that the land embraced in it is the same that was conveyed by Mrs. Miller to Mrs. Hughart was the result of mistake, and can not, therefore, operate as an estoppel.

4. The land being described in the mortgage so that it can be identified, the mistake as to the derivation of title is immaterial. (Jones on Mortgages, secs. 65, 528, 529; Anderson v Baughman, 7 Mich., 69; Tousley v. Tousley, 5 Ohio St., 78.)

5. Mrs. Hughart has but an equity, while appellant has at least an *equal*, if not a superior equity, and the advantage of the legal title in his vendor besides. Moreover, Mrs. Hughart, having united in a conveyance of the legal title with him against whom she holds the equity, her equity is gone.

6. John W. Hughart was a lunatic at the time of the conveyance of his land from Mrs. Miller to his wife and since, and the conveyance for this reason should be set aside and the mortgage let in.

   While acts to the prejudice of a lunatic, as the conveyance of his land on grossly inadequate consideration, will be set aside, a mortgage will be upheld if executed on a fair consideration which he received.

7. The former action is not a bar, as appellent was not a party.

   On the subject of reforming a mortgage when mistakes are committed, see Jones on Mortgages, sec. 97. On other points, see Slater v. Breese, 36 Mich., 77, and Blincoe v. Lee, 12 Bush, 358.

G. W. WILLIAMS & SON for APPELLEE.

1. Both appellant and John W. Hughart are estopped by the recitals of the mortgage to dispute the validity of the conveyance made by Harriet Miller to Mrs. Hughart, or to assert that the title to that land was in J. W. Hughart.

2. Mrs. Hughart could not encumber land so held as security for her husband's debt. (McGill v. Mercantile Trust Co., 4 Ky. Law Rep., 927.)

Johnson v. Hughart, &c.

3. There is no evidence that the forty-three and thirty-seven acres of land were *intended* to be embraced in the mortgage, and were omitted by *mistake*. Unless there was such an intention at the time the mortgage was executed, there was no mistake. (Story's Equity, 5th ed., sec. 164*b*.)

4. Even if there was such a mistake appellee cannot be affected by it, as he was a purchaser without notice.

5. As appellant failed to assert his pretended lien before Jett's title was perfected by purchase and conveyance, he is now estopped to do so.

6. There is no evidence of fraud or collusion; and if there were, appellant is not in a condition to attack Jett's title on that ground, having no return of *no property found.*

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Edward Long, many years ago, died, owning a tract of land lying and being in Hancock county, Kentucky, and supposed to contain one hundred and ninety-eight acres. Higdon and wife becoming the owners of two-thirds of said tract of land, on the — day of December, 1865, sold to appellee, John W. Hughart, by deed, which was duly recorded, said two-thirds. Martha D. Long owned the remaining third interest in said tract of land, and Margaret E. Long, widow of Edward Long, owned an unallotted dower in said tract of land. Not long after John W. Hughart's purchase from Higdon and wife, proceedings were instituted in the Hancock county court for the purpose of having said land divided and the allotment of dower therein. Said proceedings resulted in a division of the land and the allotment of dower. The appellee, John W. Hughart, receiving one hundred and thirty-eight and three-quarter acres, Martha D. Long thirty-seven and one-half acres, and Margaret E. Long forty-three and one-half acres as dower; the survey, it seems, having run out more than one hundred and ninety-eight acres.

In 1871, the appellee, John W. Hughart, purchased from Margaret E. and Martha D. Long their respective parcels of land, and received a deed from them for the · same, on the twenty-third day of March, 1876. The deed recited the unpaid purchase money due by notes to each vendor, and retained a lien on the respective parcels conveyed for the payment of the same. The appellee, Jett, became the assignee for value of these notes.

On the sixteenth of April, 1881, Jett filed his petition in equity in the Hancock circuit court against the appellee, John W. Hughart, for the purpose of enforcing his lien on these parcels of land, and obtaining a sale thereof to satisfy the respective sums due thereon. The appellee, John W. Hughart, appeared and asserted a right of homestead in said parcels of land. The circuit court denied his right to a homestead as against Jett's claim, but decreed the sale of both parcels of land as a whole, the same not being susceptible of advantageous division for the purpose of satisfying said debt, interest and costs, and both parcels were sold by the court's commissioner on the twenty-first of June, 1881, for the sum of three hundred and forty-seven dollars and forty cents, the amount of the debt, interest and costs, and Jett became the purchaser. On the ninth of November, 1881, the sale was confirmed, and Jett received the commissioner's deed for the whole of said parcels of land.

On the twenty-sixth of September, 1876, the appellees, John W. Hughart and Armilda, his wife, executed to the appellant Johnson a mortgage, which was

duly acknowledged and recorded, to secure the pay-
ment of a debt due the appellant by the appellee,
John W. Hughart, on "a certain tract of land lying
and being in Hancock county, and on the waters of
Yellow creek, containing two hundred and thirteen
acres, more or less, and conveyed to said Armilda
Hughart by Harriet Miller, by deed duly recorded
in the clerk's office of the Hancock county court, in
deed book No. —, page —. Reference is to be had
thereto for a more particular description of said tract
of land "

The appellee, Armilda Hughart, resisted the appel-
lant's right to subject this land to the payment of
said debt, upon the ground that, by the deed of Har-
riet Miller, the person mentioned in the mortgage,
she held said land to her sole and separate use to
the exclusion of her husband, the appellant, during
her natural life, and at her death the same was to
go to her living children ; and, therefore, the mort-
gage was invalid. In avoidance of this plea, the ap-
pellant urged that Mrs. Hughart was really not the
owner of said land, that Mrs. Harriet Miller, at the
time of the pretended conveyance to Armilda, was
not the owner of said land, but that the appellee,
John W. Hughart, was the owner of the same.

The facts, as established by the record, are, that
Mrs. Miller, prior to April, 1872, as the representa-
tive of her deceased husband, held several notes on
the appellee, John W. Hughart, for a considerable
sum of money, and he being weak-minded and im-
provident, she desired to make some provision for
Mrs. Hughart, who was her niece ; and to that end

she effected an arrangement through —— Tate, then
a lawyer, now a minister of the gospel, with the
appellee John W. Hughart, by which she surren-
dered said notes to him, and in consideration thereof
he was to deed to her the one hundred and thirty-
eight and three-quarter acres of land which he bought
from Higdon and wife, and which was allotted to him
in the division heretofore mentioned ; and pursuant to
this agreement Mrs. Miller, on the — day of April, 1872,
conveyed by deed, which was duly recorded, said one
hundred and thirty-eight and three-quarter acres of
land to the sole and separate use of Mrs. Hugh-
art (and to the exclusion of her husband) during her
natural life, and at her death to her living children.
It is the recollection of Mr. Tate that the appellee,
John W. Hughart, conveyed said land to Mrs. Miller
by deed. He says that he understood the necessity
of his making a deed to Mrs. Miller, and intended
to have him make it, and thinks that he did make
it. Be this, however, as it may, it is certain that
the arrangement above indicated was made ; and Mrs.
Miller, believing that the title was made to her, sur-
rendered the notes, and made the deed to Mrs. Hugh-
art. It is also certain that Mrs. Hughart received
the notes, and in consideration thereof admitted the
right of Mrs. Miller to convey said land to Mrs. Hugh-
art, and ratified the act of conveyance after it was
made. The mortgage to the appellant is conclusive
evidence of these two latter facts.

It is an elementary equitable principle, that if A.
devises property to B. upon the condition that B.
must convey to C. a certain piece of his property,

and B. accepts A.'s devise, he, by thus accepting, agrees to the condition imposed upon him, and C. may compel him to convey the property according to the terms of the will. Here Mr. Hughart agrees that, in consideration of Mrs. Miller's surrendering certain notes to him, she might convey one hundred and thirty-eight and three-quarter acres of his land to his wife and children. The notes are surrendered and the conveyance is made. Now, by the same equitable principle, the transaction is binding upon him, and estops him from calling it in question, and his vendees and privies are likewise bound by the estoppel. So, we think the lower court did right in dismissing the appellant's action as to the one hundred and thirty-eight and three-quarter acres of land.

But there was included in the mortgage, in addition to the one hundred and thirty-eight and three-quarter acre tract, the two parcels of land which Mr. Hughart purchased from Margaret E. and Martha D. Long; although, the whole quantity mortgaged is described as the property of Mrs. Hughart. Yet, as to these two parcels, it is clear that, as between the appellant and Mr. Hughart, the mortgage is valid, because Mr. Hughart and his wife joined in mortgaging this land, which was his and not hers; and while the misrecital in the mortgage rendered it inoperative as against third persons without notice of the true state of case, and as to them it would have no greater effect than an unrecorded mortgage, yet, as between the parties, it is as good as an unrecorded mortgage, and is also good as against third persons having notice of the true state of case.

The appellee Jett did not make the appellant a party to his suit for a sale of said parcels of land to satisfy his lien thereon. He had a lien on the whole of the thirty-seven and one-half acre parcel, also a lien on his assignor's life estate in the forty-three and one-half acre parcel ; and his lien on each parcel being superior to that of the appellant to this extent, his proceeding to enforce them, had it been so limited, without making the appellant a party, would not ordinarily have been a sufficient error to set the judgment and sale aside. But, notwithstanding he did not have a lien upon the reversionary interest in the forty-three and one-half acre tract, he obtained a judgment for the sale of the whole estate. So the question is, can the appellant have the judgment and sale set aside for this error.

As before stated, the mortgage having described the land mortgaged as the property of Mrs. Hughart, and it being a legitimate presumption on the part of third persons who knew not to the contrary that the mortgage recited the truth, such persons dealing in reference to any land belonging to Mr. Hughart, though included in the mortgage, would not be affected with constructive notice that such land was mortgaged.

It does not appear that Jett, at the time he obtained the decree and the sale of the land, had actual notice that said two parcels of land were included in the mortgage. And while he obtained a decree for the sale of the reversionary interest in the forty-three and one-half acre tract of land on which he had no lien, yet, it must be remembered that this interest, as well as the dower interest on which Jett held a

lien, belonged to Mr. Hughart, and that he owed the debt; that he appeared and claimed a homestead in the land, but never questioned Jett's asserted lien on the reversionary interest; that he could have sold the whole of said land to Jett to satisfy said debt, he not having actual notice that the land was included in the mortgage, which sale would have defeated the appellant's lien on same; that Jett could have obtained an execution on his judgment, and had the land sold to satisfy it, which would have passed the title as against appellant. Now, instead of having the reversionary interest sold under execution, the commissioner of court sold it to satisfy the judgment, and by which the debt was discharged; and this was done with the consent of Mr. Hughart, and without Jett's having actual notice of the appellant's mortgage thereon; so Jett accomplished by this irregular proceeding the same thing that he had the right to accomplish in either of the two other ways—the same end was reached—and we can not see how appellant's rights would be prejudiced any more by the one way than by the other.

In addition to this, it appears that the appellant knew of the pendency of Jett's action to subject this land, and at one time thought of appearing therein and setting up his claim, which purpose, however, he abandoned, and concluded to bid on the land at the commissioner's sale. By some casualty he was prevented from doing this. So we see no error in the refusal of the lower court to disturb Jett's purchase. The judgment of the lower court is affirmed.