# ALPHEUS BADGER

*v.*

# THE BATAVIA PAPER MANUFACTURING COMPANY *et al.*

1. TROVER—*what is a conversion.* Where the assignee of a chattel mortgage upon a rotary boiler, after the maturity of the debt, attempted to reduce the same to possession, in accordance with the provisions of the mortgage, and was forbidden to do so, by the party in possession, who had succeeded to the title to the real estate upon which the boiler was situated: *Held,* that this would constitute a conversion of the boiler, so as to enable the assignee of the mortgage to maintain trover, without first making a formal demand for it.

2. INSTRUCTION—*should not be given on a theory not supported by any evidence.* In trover, by the assignee of a chattel mortgage, for the conversion of the property by a third party, who showed no interest whatever in the same, it was *held,* error to modify plaintiff's instructions, so as to make the validity of the mortgage in the hands of the plaintiff depend upon whether the defendant had, or not, any right in the mortgaged property, as introducing an element in the case not belonging to it, and therefore calculated to mislead the jury.

3. CORPORATION—*power to give chattel mortgage.* Where the charter of a private corporation granted to the company "all the powers incident and *useful* to corporations:" *Held,* that the language was broad enough to include the power to make a chattel mortgage on property purchased by it, for the price.

4. Chattel mortgage—*as to whom valid, without reference to acknowledgment, etc.* A chattel mortgage, being good as between the parties to it, without acknowledgment, etc., will be equally valid against all persons who are neither purchasers of the mortgaged chattels nor creditors of the mortgagor, and have no interest in the property.

5. Fixture—*property reserved in conveyance, is not.* Where a party takes a conveyance for real estate, which contains an express exception of a steam boiler from its operation, he can not claim the boiler as a fixture to the real estate, and that it is therefore a part of the realty.

Appeal from the Circuit Court of Kane county; the Hon. Silvanus Wilcox, Judge, presiding.

This was an action of trover, by Alpheus Badger against The Batavia Paper Manufacturing Company and William M. Van Nortwick, to recover for the conversion of a rotary boiler and attachments. A trial was had, resulting in a judgment in favor of the defendants, from which the plaintiff appealed.

Mr. Eugene Canfield, for the appellant.

Mr. A. M. Herrington, for the appellees.

Mr. Justice Sheldon delivered the opinion of the Court:

This was an action of trover, for the alleged conversion of a rotary boiler and attachments.

The Chicago Fibre and Paper Company, on September 1, 1859, bought of the Eagle Works Manufacturing Company the property, and gave a chattel mortgage thereon, to secure the payment of its note of that date for the purchase price. The boiler was set up at the works of the first named company, at Batavia, in Kane county.

The boiler was 25 feet long, 7 feet in diameter, weighing about 10,000 pounds. It had to be placed outside of the building then at the works, and a building was erected over it, 35 feet by 15 feet, on the ground, and about 15 feet high. In order to remove the boiler, after the mortgage money became due, nearly the entire west end of this building over the boiler would have had to be removed.

The mortgage contained a clause that, in default of payment, etc., the mortgagee might take possession, "and for that purpose, may pursue the same (the mortgaged property) or any part thereof, wherever it may be found, and also may enter any of the premises of said party of the first part, with or without force or process of law, and take possession of and remove and sell and dispose of the same." The note was assigned to Badger, the plaintiff. Subsequently, and before the maturity of the note, The Chicago Fibre and Paper Company became and was declared bankrupt, and the premises upon which the boiler was, were, by the assignee in bankruptcy, sold and conveyed by deed to the Batavia Paper Manufacturing Company, one of the defendants, with the following express exception in the sale and deed: "Except one rotary boiler, 25 feet long and 7 feet in diameter, which was furnished by P. W. Gates & Co. since the execution of the trust deed in said petition and order mentioned, and which is incumbered by a chattel mortgage to secure the purchase money thereof, which has been assigned to Alpheus C. Badger." It was in evidence that the Eagle Works Manufacturing Company was known and called by the name of P. W. Gates & Co.

There were a verdict and judgment against the plaintiff in the court below, and he appealed, and assigns for error the giving and refusing of instructions.

In regard to the conversion, the evidence on the part of the plaintiff was, that, on the maturity of the mortgage, preparations were made by him to remove the boiler; that his agents went upon the premises and attempted to remove the boiler, and were forbidden to do so, by the defendants, until Badger should first pay the expenses they claimed had been incurred in fitting up another room for a certain purpose, which room they were obliged to fit up, on account of the boiler occupying the room they would otherwise have used for that purpose.

The testimony on the part of the defendants was in contradiction of the forbidding of the removal of the boiler, and that, instead thereof, an arrangement was made with plaintiff's agent, that the boiler might remain where it then was, without any expense for storage, to be removed upon reasonable notice, when defendants wanted the room.

A portion of one of the instructions given for the defendants was as follows: "In this action, in any event, before the plaintiff can recover, he must affirmatively prove that he made, prior to the commencement of this suit, a demand of the defendants for the boiler in question, and that they refused to deliver or let him get the same upon such demand."

No demand was necessary, under the circumstances detailed by witnesses for the plaintiff. If, upon attempting to remove the boiler, they were forbidden to do so, as testified to, that would constitute a conversion of the property, without making a demand of it.

The jury were well warranted in finding, from the evidence, that there was no formal demand made for the boiler. The evidence was very conflicting upon the point, of there having been any interference with the removal of the boiler, and the instruction opened an easy way to the jury to avoid the troublesome consideration of this conflicting testimony, wherein lay all the merits of the case, by resting their verdict upon the ground that no formal demand of the property had been made, the necessity of which was so prominently set forth by the instruction. The instruction was well calculated to injuriously affect the case of the plaintiff, and should not have been given.

Instructions asked by plaintiff were modified by the court. As modified, they differed from the instructions, as asked, in making the validity of the mortgage in the hands of the plaintiff, against the defendants, depend upon whether the defendants had or not any right in the property.

There was no pretense, on the part of the defendants, that they had any claim of interest whatever in the property,

20—70TH ILL.

further than as a fixture, and there was not a particle of evidence upon the point. The modifying of the instructions in the respect named was introducing into the case an element which did not belong to it, for the consideration of the jury, and was but calculated to distract their attention and mislead them, and was improper.

It is objected by appellees' counsel, that the Chicago Fibre and Paper Company had no power to make a chattel mortgage. Their charter grants to the company "all the powers incident, necessary and *useful* to corporations." We think this language broad enough to include the power to make the chattel mortgage in question.

It is also objected, that the corporate existence of the Eagle Works Manufacturing Company should have been shown. Without acknowledging the force of the objection, it was not necessary to make the proof in this case, as the charter of the company is made a public act. Priv. Laws of 1861, p. 467.

It is also insisted, that the chattel mortgage is void, because not acknowledged before a justice of the peace of the proper county, and a memorandum of the same entered on his docket, as required by the statute.

The mortgage was good, between the parties, without a compliance with the requirements of the Chattel Mortgage Act.

The defendants do not appear to have been either purchasers, incumbrancers or creditors, or to have had any interest in the property. Any mortgage, good between the original parties, is good as to the defendants.

It is claimed, too, that the boiler was a fixture, and therefore a part of the freehold that was conveyed by the assignee in bankruptcy to the Batavia Manufacturing Company. It is impossible to maintain any such claim, in view of the express exception, in the deed, of the boiler, from its operation.

For the error above indicated, in the giving and modifying of instructions, the judgment will be reversed and the cause remanded.                            *Judgment reversed.*