MERRIAM vs. LYNCH and others.

*September 7 — September 27, 1881.*

REPLEVIN: EVIDENCE: DEMAND. *(1) Former replevin judgment as evidence in subsequent action. (2) When formal demand waived.*

1. A judgment in replevin will not be reversed for a refusal to receive in evidence of appellant's title a former valid judgment in replevin between the same parties, where the identity of the property in the two suits was directly submitted to the jury upon evidence of a doubtful character (including the former writ of replevin and the return of the officer thereon), and the jury were instructed that appellant was entitled to recover if the property was the same.

2. Where A. undertakes, in a lawful manner, to remove chattels, as his own, from the possession of B., and the latter objects to his doing so, denying that A. has any property there, this is equivalent to a formal *demand* and refusal.

APPEAL from the County Court of *Milwaukee* County.

Replevin, for about fifty different articles of personal property described as goods and machinery. Defendants offered

Merriam vs. Lynch and others.

in evidence the judgment of a justice's court in an action of replevin by the same plaintiff against the same defendants. On plaintiff's objection the judgment was ruled out, on the ground that it did not determine the value of the property, but on the contrary stated that there was no evidence of such value. The plaintiff had a verdict and judgment, and the defendants appealed.

*Geo. B. Goodwin,* for the appellants.

For the respondent there was a brief by *Brown & Schley,* and oral argument by *Clarence S. Brown.*

ORTON, J. Whether the judgment of a justice of the peace, in a previous action of replevin, offered to prove title to the property in the defendants, was void because the value of the property was not found as the statute requires, need not be decided. The writ of replevin, and the return of the officer thereon, were admitted in evidence, and from inspection it cannot be ascertained that any of the property described therein is the same as that for the conversion of which this action is brought, and the question of the identity of the property in both suits was directly submitted to the jury upon testimony in respect to it of a doubtful character, and they must be presumed to have found that the property was not the same. The jury were told that if they found that the property was the same, the defendants were entitled to recover. So that it does not appear that the defendants were injured by ruling out the judgment, even if it was a valid one.

The only other point made upon the argument was, that there was no proof of a demand of the property before suit. The jury must have found that a demand was made, and there was much evidence to sustain such a finding. The learned counsel of the appellant claims that all of the testimony relating to a demand referred to a demand of the property before the previous action of replevin was brought, and not to a demand made subsequently. The first demand was made in September,

and the plaintiff testified that when he went for the property in November following, *Lynch*, one of the defendants, said to him that he would keep everything; and the witness Kadd testified that *Lynch* said, at that time, that the plaintiff had nothing more there; and the witness Marshall Merriam, in his deposition, testified that he went with the plaintiff to get the property, and *Lynch* gave up some of it, and then said he would keep the rest. *J. M. Hirschberg*, one of the defendants, testified on cross examination that the second time was after the justice suit, and that *Lynch* came and told the plaintiff that he was taking goods away that did not belong to him, and objected to his taking anything more. Here there was an attempt by the plaintiff to take the property in the presence of the defendants *Lynch* and *Hirschberg*, and an unqualified refusal of one of the defendants to deliver it up. This was certainly equivalent to a demand and refusal, although there might not have been strictly a formal demand and refusal in such words. An unqualified refusal to deliver is a conversion of the property. Cooley on Torts, 454; Add. Torts, ch. 7, § 1, p. 467; *Badger v. Batavia Paper Manuf'g Co.*, 70 Ill., 302. It is true that the plaintiff testified that "he did not demand anything of *Lynch* when he said he (the plaintiff) could not have any more things," and that "he always understood that there was no use of making a demand." His testimony, taken together, shows either that he did not think it necessary to make any demand after *Lynch* said to him that he could not have any more things, or that he made no formal demand by the use of the word "demand," and is not contradictory of his testimony, and that of the other witnesses, as to what was said and done which was equivalent to a demand.

*By the Court.*—The judgment of the circuit court is affirmed.