## George Niepschield v. Emilie Reuss, Adm.

1. COURTS—*Will Not Aid Parties in Collusion to Cheat, Etc.*—
Where the facts show a contrivance and design by a party, knowing of
the existence of a chattel mortgage, in collusion with the mortgagor to
cheat the mortgagee, such party can not receive the aid of the courts in
furtherance of such design. Good faith and the absence of fraudulent
intent must characterize all contracts.

2. CHATTEL MORTGAGES—*Good Faith Required—Record.*—It is only
when a chattel mortgage, acknowledged and recorded as the law
requires, is made in good faith, that it becomes good and valid from the
time it is filed for record. (R. S. Chapter 95, Section 4.)

**Claim in Probate.**—Error to the Circuit Court of Cook County; the
Hon. FRANCIS ADAMS, Judge, presiding. Heard in the Branch Appel-
late Court at the March term, 1900. Affirmed. Opinion filed January
15, 1901.

STEIN & PLATT, attorneys for plaintiff in error.

TENNEY, McCONNELL, COFFEEN & HARDING, attorneys for
defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Plaintiff in error filed a claim originally in the Probate
Court, against the estate of William Burk, deceased, to
recover the value of certain personal property, which had
been taken by the deceased in his lifetime under a chattel
mortgage executed in his favor by one Max Andree.
Plaintiff in error alleges that said chattel mortgage was
invalid, because said mortgagor, Andree, resided in North
Chicago, whereas the instrument was acknowledged before
a justice of the peace of the town of South Chicago; and he
seeks to recover from the estate of the deceased by reason
of an alleged chattel mortgage which he claims became a
prior valid lien upon the same property, although of later
date, but which was properly acknowledged before a justice
of the peace of the town in which the said mortgagor
resided.

It is conceded that the mortgage to Burk was not acknowledged in the town or precinct where the mortgagor resided, as the statute requires. (R. S. Chap. 95, Sec. 2.) It was, however, given for an actual existing debt and was good as between the parties thereto, even though the requirements of the statute as to execution, acknowledgment or record were not complied with. Badger v. Batavia Paper Manfg. Co., 70 Ill. 302 (306); McDowell v. Stewart, 83 Ill. 538 (540); Webster v. Nichols, 104 Ill. 160 (177). It would be invalid, probably, against a third party, who, acting in good faith, acquired an interest in the property by a valid incumbrance placed thereon in compliance with the statute. It is nevertheless only when a chattel mortgage acknowledged and recorded as the statute required, is *bona fide*, that it becomes "good and valid from the time it is filed for record," etc. (R. S. Chap. 95, Sec. 4.)

The mortgage under which plaintiff in error claims, purports upon its face to have been properly acknowledged and recorded. It is true the entry in the justice docket, also introduced, does not fully comply with the statute (R. S. Chap. 95, Sec. 3) which requires the justice before whom the instrument is acknowledged to enter in his docket a memorandum of the acknowledgment substantially in accordance with a form therein set forth. No one could tell by an examination of that entry itself what the nature of the document was, whether it was acknowledged or whether it was still in force. The docket did not expressly give notice, even of the material fact that Andree had mortgaged his property, which was said in Pease v. Fish Furniture Co., 176 Ill. 220, to be the main object of the statute. See Koplin v. Anderson, 88 Ill. 120.

But whether the entry on the justice docket be regarded as sufficient or not, there is undisputed testimony that the mortgage to plaintiff in error was not given in good faith. He does not himself testify; and there is direct evidence, not contradicted, tending to show that the so-called mortgage was never delivered to him, that it represented no real obligation, and that it was executed and recorded in pursu-

ance of a fraudulent intent on the part of the mortgagor to prevent the deceased from collecting an honest debt. What is said in Great Western Ins. Co. v. Staaden, 26 Ill. 360, is directly in point :

" Here the facts show a contrivance and design by the appellant, knowing of the existence of the mortgage, in collusion with the mortgagor, to cheat the mortgagee. The parties can not receive our aid in furtherance of such intention nor do we think the law requires it. Good faith and absence of fraudulent intent must characterize all contracts."

Counsel for plaintiff in error argue that the Circuit Court erred in not " requiring the defendant to proceed with his evidence or submitting the controverted questions of fact to the jury," and in directing a verdict for defendant in error. No offer of additional evidence was made, and the fraudulent purpose and want of actual consideration passing from plaintiff in error to the alleged mortgagor can not be fairly said to have been controverted. No other verdict could have been sustained, and the court was not bound to submit the cause to the jury. Boyle v. I. C. R. R. Co., 88 Ill. App. 255 (257). The judgment of the Circuit Court will be affirmed.