## In re BURLAGE BROS.

(District Court, N. D. Iowa, E. D. May 10, 1909.)

No. 620.

1. BANKRUPTCY (§ 166*)—VOIDABLE PREFERENCE—ELEMENTS.

It is an essential element of a voidable preference that the preferred creditor had grounds to believe that a preference was intended.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–258; Dec. Dig. § 166.*]

2. BANKRUPTCY (§ 184*)—LIENS—RECORD OF INSTRUMENT AFTER BANKRUPTCY.

Where an unrecorded bill of sale executed more than four months before bankruptcy is attacked as a voidable preference, its record after bankruptcy had intervened avails nothing.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. § 184.*]

3. BANKRUPTCY (§ 184*) — UNRECORDED BILL OF SALE — LIEN — VALIDITY — STATE LAW.

Code Iowa, § 2906, declares that no sale or mortgage of personal property where the vendor or mortgagor retains actual possession is valid as against existing creditors or subsequent purchasers without notice, unless the instrument is filed for record. Bankr. Act July 1, 1898, c. 541, § 70 (5), 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451), declares that such title as the bankrupts may have conveyed or their creditors may have acquired by seizure passes to the trustee, and section 67a declares that claims which for want of record would not have been valid liens as against the claims of the bankrupts' creditors shall not be liens against his estate. *Held*, that a bill of sale executed by a bankrupt more than four months before bankruptcy, which was in fact a chattel mortgage, but never recorded, was invalid as against other creditors of the bankrupt, though taken in good faith.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. § 184.*]

4. BANKRUPTCY (§ 314*)—CLAIMS—RIGHT TO PROVE.

Where claimant sold certain carriages to the bankrupts, and, the purchase price not being paid, claimant took from the bankrupts a bill of sale of the carriages, which was in fact a mortgage more than four months before bankruptcy, but such bill was unenforceable as against other creditors of the bankrupt for want of record, claimant was entitled to prove its claim for the purchase price of the carriages as an unsecured claim against the bankrupts' estate.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*]

In Bankruptcy.

On petition of the Hercules Buggy Company for review of the order of the referee denying its claim to certain property in the custody of the trustee.

John A. Cunningham, for petitioner.
C. M. Thorne and D. E. Maguire, for trustee.

REED, District Judge. On June 26, 1908, a few days more than four months before the bankruptcy, the bankrupts made to the Hercules Buggy Company, a bill of sale of a number of carriages or buggies for the expressed consideration of upwards of $500. Under this instrument the buggy company presented to the referee a claim for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the specific carriages described therein, and asked that an order be made requiring the trustee to turn them, or such thereof as were still in his custody, over to it. The trustee objected to the claim upon the ground that the instrument had never been recorded as required by the law of Iowa. The referee sustained the objection and denied the claim, and the buggy company petitions for a review of this order.

No evidence was introduced before the referee, but the parties made and filed with him a stipulation of facts upon which the matter was submitted to him, which stipulation is as follows:

### "Stipulation of Facts.

"It is hereby stipulated by and between D. E. Maguire, trustee, and the Hercules Buggy Company, by and through its attorney of record John A. Cunningham, that:

"(1) The bill of sale was executed as set forth on the 26th day of June, 1908.

"(2) That the bill of sale referred to was never recorded in the records of Dubuque county, Iowa.

"(3) That prior to June 26, 1908, the goods and chattels in question were the property of Burlage Bros., sold to them by the Hercules Buggy Company, and that they were not paid for, and that the bill of sale was made for the purpose of reconveying this property to said Hercules Buggy Company on the date mentioned.

"(4) That the chattels remained in the possession of Burlage Bros. until the filing of the petition in bankruptcy.

"(5) It is admitted by John A. Cunningham, the attorney for the Hercules Buggy Company, that on the 26th day of June, 1908, at the time of the execution of the bill of sale set out in the application, the firm of Burlage Bros. and Nick Burlage and Simon Burlage, Jr., were insolvent. But it is denied by the said Hercules Buggy Company that it had reasonable cause to believe that it was intended thereby to give a preference."

It was conceded upon the argument that the bankrupts retained possession of the carriages after the execution of the bill of sale, with authority to sell them and account to the petitioner for the proceeds, less a commission for selling, to apply upon its debt against them. This made the transaction in effect a mortgage, though the instrument is in form an absolute sale of the property; and in either form it might be a preference, yet, if it had been recorded at the time it was made, it would have been valid as against the trustee. It was valid as between the parties without record, and it is contended on behalf of the petitioner that the trustee stands only in the shoes of the bankrupts, and can assert no greater right to the property as against it than the bankrupts could have asserted. On the other hand, the trustee maintains that, inasmuch as the instrument was never recorded as required by the Iowa statute, it may still be avoided by him as a preference. First Nat. Bank v. Connett, 142 Fed. 33, 73 C. C. A. 219. But the petitioner denied before the referee that it had any grounds to believe that a preference was intended by the bill of sale, and there is no proof that it did have. An essential element of a voidable preference is therefore lacking in the proof, and there is neither issue nor proof that the bill of sale was made to defraud creditors. Of course, the record of the instrument after the bankruptcy could avail nothing, and unless the presentation of a claim to the property under the instrument after the adjudication evinces an intent on the part

of the petitioner to then create and accept a preference, and the adjudication is sufficient proof of knowledge upon its part that one was then intended, there is no proof of a voidable preference within the four months prior to the bankruptcy. Whether or not the legal effect of presenting the claim to the referee for the specific property would be the same as the prior record of the instrument need not be determined, for the claim must be denied upon other grounds.

Section 2906 of the Iowa Code of 1897 provided:

"No sale or mortgage of personal property, where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers, without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and filed for record with the recorder of the county where the holder of the property resides."

The bill of sale was clearly invalid as against existing creditors of, or subsequent purchasers from, the bankrupts, unless it was recorded as required by this section of the Iowa statute. Security Warehousing Co. v. Hand, 206 U. S. 415–425, 27 Sup. Ct. 720, 51 L. Ed. 1117; In re Gerstman, 157 Fed. 549–551, 85 C. C. A. 211.

Any person could therefore, prior to the bankruptcy have purchased any of this property from the bankrupts in good faith, or any of their creditors, without notice of the instrument, could have seized and sold any of it under judicial process against them, and such purchase, or seizure and sale, would have been valid as against the petitioner; and such title as the bankrupts could so have conveyed, or their creditors could so have seized, passed to the trustee under section 70(5) of the bankruptcy act of July 1, 1898, c. 541, 30 Stat. 565 (U. S. Comp. St. 1901, p. 3451). Not only this, but section 67a of the act provides:

"Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."

And section 67d provides:

"Liens given or accepted in good faith and not in contemplation of, or in fraud upon this act, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall not be affected by this act."

While there is no proof of fraud, neither is there any that the bill of sale was for a present consideration; and it was not recorded. That record of the bill of sale was necessary, under the section of the Iowa Code above quoted, to impart notice thereof to creditors or purchasers, seems to admit of no doubt. The order of the referee denying the claim to the specific property is therefore approved. But the petitioner may prove its claim for the unpaid price of the carriages as an unsecured claim against the estate, and the matter is referred back to the referee that it may do so if it shall be so advised. It is ordered accordingly.