MATTLEY v. GIESLER.

(Circuit Court of Appeals, Eighth Circuit. December 17, 1912.)

No. 3,739.

APPEAL AND ERROR (§ 1214*)—REVERSAL—REMAND—JURISDICTION OF TRIAL COURT—FURTHER PROCEEDINGS.

Where, in a suit by a bankrupt's trustee to recover the value of property sold under a chattel mortgage, on the theory that the mortgage was a voidable preference, the trustee alleged that the value of the property was $2,500, and on appeal the Circuit Court of Appeals reversed a decree dismissing the bill, and remanded the cause with directions to enter a decree in conformity with the views expressed in the opinion, without any finding as to the value of the property, the trial court was not bound to render judgment for the trustee for the amount demanded in the bill, but was authorized to receive further evidence as to the value of the property, and find the value from such evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4715; Dec. Dig. § 1214.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the District of Nebraska; Thomas C. Munger, Judge.

Action by Herman N. Mattley, trustee in bankruptcy of one Parker, against John Giesler, administrator c. t. a. of the estate of Joseph W. Wolfe, deceased. Judgment for defendant, and plaintiff appeals. Modified and affirmed.

John S. Bishop, of Lincoln, Neb., for appellant.

D. H. McClenahan, of Lincoln, Neb. (John M. Stewart, of Lincoln, Neb., on the brief), for appellee.

Before SANBORN and HOOK, Circuit Judges, and McPHERSON, District Judge.

SANBORN, Circuit Judge. Mr. Mattley, the appellant, is the trustee of the estate of Parker, who was adjudged a bankrupt on April 6, 1907. At the time of his adjudication his property was in the hands of Mr. Wolfe, who had taken possession of it under his chattel mortgage on April 3, 1907, and on September 14, 1907, he sold it under this mortgage for $825. On December 24, 1907, the trustee brought a suit in equity against Wolfe to set aside this chattel mortgage and the proceedings under it, on the ground that it constituted a voidable preference, and to recover of Wolfe the value of the mortgaged property, which the trustee alleged to be $2,500. Witnesses were produced, evidence was introduced, the case went to a final hearing, and the District Court dismissed the bill, on the ground that the mortgage did not constitute a voidable preference. Upon an appeal this court reversed the decree and remanded the case, with directions to enter a decree in conformity with the views expressed in its opinion. Mattley v. Giesler, 187 Fed. 970, 110 C. C. A. 90. Upon the return of the case to the District Court that court considered the evidence and the arguments and briefs of counsel on the question of the value of the property taken by Wolfe, found that it was worth $1,040.50, and rendered a decree in favor of the trustee for that amount, interest, and costs. The trustee challenges this decree, because the court did not find and adjudge the property taken by Wolfe to have been of greater value, and assigns several errors in support of this contention.

On July 15, 1909, the court below filed an opinion to the effect that the mortgage was fraudulent and void, and that the trustee was entitled to recover "the amount prayed for in this bill ($2,500), which is less than the proven value of the goods seized and converted by the defendant." This court said in its opinion that the trustee was entitled to recover the value of the property taken by Wolfe, and remanded the case for a decree in conformity with that view. Counsel for the trustee maintains that these facts imposed the duty on the court below to render a decree for $2,500 and interest, and that it erred in considering the evidence again and making another finding of the value of the property. But upon a motion for a rehearing the court below on September 28, 1909, withdrew its opinion of July 15, 1909, in which it found the property to be worth $2,500, and delivered

another opinion to the effect that the defendant was entitled to a decree, and it was pursuant to the latter opinion that the decree of dismissal of the bill of May 24, 1909, was made. In this latter opinion no finding of the value of the property appeared. There was, therefore, no finding or judgment of the value of the property taken by Wolfe in effect when the decree of dismissal was rendered, or when that decree was reversed, and it was not error for the court below, after receipt of the mandate, to consider the evidence in the case and find the value of the property. Indeed, it was necessary for it to do so in order that it might obey the mandate of this court.

Another contention of counsel for the trustee is that, laying aside the first finding on the subject, the evidence clearly proves that the value of this property was at least $2,500. This claim is met by the defendant with a denial, and with the legal proposition that where the chancellor has determined a question of fact upon conflicting evidence the appellate court will not disturb his findings, unless it clearly appears that he has fallen into some error of law, or has been misled by some substantial mistake of fact. The proposition of law, however, is deprived of its persuasive force in this case by the fact that the chancellor made two findings of the value of this property on the same evidence, one of $2,500 and another of $1,040. This court has accordingly carefully examined the record upon this question of value. The property consists of many items. The evidence of its value comprises a confused and contradictory mass of testimony and inventories, and a review and discussion of it would furnish no guide for future decisions and would be useless. Suffice it to say that this evidence has persuaded this court that the value of the property taken by Wolfe was $1,500.

Let the decree below, therefore, be so modified that it shall adjudge that the trustee shall recover, in addition to the recovery therein granted, $460 and interest on this sum at 7 per cent. per annum from April 4, 1907, and let the decree, so modified, be affirmed. Let the appellant recover his costs in this court, and let the case be remanded to the court below, with instructions to modify its decree as herein directed.