### MEYER BROS. DRUG CO. v. PIPKIN DRUG CO.

(Circuit Court of Appeals, Fifth Circuit.   March 21, 1905.)

#### No. 1,346.

1. BANKRUPTCY—PETITION FOR REVIEW—INFORMALITIES IN PROCEDURE.

A petition to the Circuit Court of Appeals to revise in matter of law an order made by the District Court in bankruptcy, under Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432], will not be dismissed because it was not allowed by a judge, nor because the transcript is not certified and does not contain the pleadings or evidence on which the matter was heard by the referee, nor because it was not filed until three months after the order was entered, in the absence of any rule of court governing such matters, and where it does not appear that prejudice has resulted to any party in interest.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—PREFERENTIAL TRANSFERS OF PROPERTY—UNRECORDED CHATTEL MORTGAGE.

Under the settled law of Texas, by which the failure to record a chattel mortgage as provided by Rev. St. Tex. 1895, art. 3328, does not affect its validity as between the parties, or as against general creditors of the mortgagor, having no lien, such a mortgage is not one which is required to be recorded, within the meaning of Bankr. Act July 1, 1898, c. 541, § 60a, as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416]; and a chattel mortgage given in good faith more

than four months before the bankruptcy of the mortgagor does not constitute a preferential transfer, under said section, although it was not recorded until within such time.

## Petition for Revision of Proceeding of the District Court of the United States for the Eastern District of Texas, in Bankruptcy.

For some time prior to October 17, 1902, the Pipkin Drug Company was doing a drug business in Beaumont, Tex. On that date said company desired L. B. and S. W. Pipkin, resident citizens of Jefferson county, Tex., who were not members of, and had no business connection with, it, to become accommodation indorsers for said company in the sum of $2,500, and, to indemnify them in so doing, offered them a chattel mortgage on certain trade fixtures used in the drug store in Beaumont. The Pipkins indorsed the paper, and, in pursuance of its promise, on November 22, 1902, the company gave the chattel mortgage, which was executed and delivered on that date. There is no proof of insolvency of the drug company at that time, or of any fraudulent purpose in making the mortgage on the part of either the drug company or the Pipkins. On June 2, 1903, the chattel mortgage to the Pipkins was filed for record in the county clerk's office of Jefferson county, Tex., where the property was situated. An involuntary petition in bankruptcy was filed against the Pipkin Drug Company in the District Court for the Eastern District of Texas, at Beaumont, on the 24th day of June, 1903, upon alleged grounds and acts having no connection whatever with this mortgage or transaction. When the note for $2,500 which they had indorsed fell due, L. B. and S. W. Pipkin were compelled to pay and did pay the same in full, and afterwards assigned to the Meyer Bros. Drug Company, for a valuable consideration, their claim against the Pipkin Drug Company. On July 20th, 1903, the Pipkin Drug Company was adjudged bankrupt. In due form, the Meyer Bros. Drug Company presented its claim and security under said chattel mortgage to the referee for allowance and adjudication as a secured claim. A contest was filed by R. E. Smith, the trustee of said estate, and, on hearing before the referee, the claim of the Meyer Bros. Drug Company was allowed for the full amount, but the chattel mortgage was held invalid, because, though it was executed and delivered more than four months prior to the filing of the petition and the adjudication of bankruptcy, it had not been filed for record until within said period. This action and decree of the referee was taken by the Meyer Bros. Drug Company before the honorable District Court for the Eastern District of Texas, at Beaumont, for rehearing and revision; and the said court entered its judgment, in all things affirming the decision of the referee, for the reasons assigned by him in his conclusions of law. The Meyer Bros. Drug Company has brought the petition to superintend and revise in matter of law the proceedings of the said referee and of the said District Court in the premises, and asks to have so much of said orders and judgment as declare the invalidity of the mortgage set aside, and to have the said mortgage adjudged and enforced as a valid security existing for its benefit.

Jno. C. Townes and E. E. Townes, for petitioner.
H. M. Whitaker, for respondent.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge (after stating the facts). The trustee of the bankrupt's estate moves to dismiss this petition to revise because it was not allowed by any judge of this or the lower court; no bond has been given; the transcript of the record filed is not certified by the clerk of the lower court; the transcript does not contain the pleadings upon which the issues were tried, nor show who are the proper parties to this proceeding; the transcript does not contain the evidence upon which the findings of the referee were based; the petition to revise was

filed more than three months after the entry of the judgment below; and, lastly, because no supersedeas has been granted.

In our opinion, none of these grounds are well taken. The statute allows the petition to revise to be filed on due notice, but provides no other regulations. This court has made no rules as to any of the requisites or formalities referred to in the motion to dismiss. '

As to the time elapsed between the decision of the court below and the filing of the petition, we are not prepared to say that there has been unreasonable delay. See In re New York Economical Printing Co., 106 Fed. 839, 45 C. C. A. 665; and, for a discussion of the whole subject, see Loveland on Bankruptcy, 812, and authorities there cited. There is no suggestion that pending the delay the proceeds of the mortgaged property have been distributed, or that any party's rights have suffered.

The question presented by the petition is whether the mortgage of petitioners, which was granted on the 22d day of November, 1902, filed for registration on the 2d day of June, 1903, constitutes such a preference as falls within the meaning of section 60a of the bankrupt law (Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, p. 416]), which is as follows:

"(a) A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

This depends upon whether or not the mortgage in question was one which was required by law to be recorded or registered. The requisites of the Texas law with reference to registration of chattel mortgages are contained in article 3328 of the Revised Statutes of 1895, as follows:

"Every chattel mortgage, deed of trust, or other instrument of writing intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against the creditors of the mortgagor or person making same, and as against subsequent purchasers and mortgagees or lien holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor or person making the same be a resident of this state, then of the county of which he shall at that time be a resident."

This statute has been construed in the Supreme Court of the state of Texas to mean that an unrecorded chattel mortgage shall be void only against lien creditors of the mortgagor, or subsequent purchasers and mortgagees or lienholders in good faith; and, as between the parties to the chattel mortgage and against all ordinary creditors, the record is immaterial. Grace v. Wade, 45 Tex. 527; Overstreet v.

Manning, 67 Tex. 663, 4 S. W. 248. And this may be considered as the established jurisprudence of the state of Texas.

As the case was presented before the referee and before the lower court, there was no question made that the rights of any lien creditors of the bankrupt or any subsequent purchasers or mortgagees were in any wise affected by the rights claimed under the chattel mortgage. We think it follows that the chattel mortgage in this case was valid between the bankrupt and the holders thereof, and as to all parties shown to be interested in the bankrupt's estate, whether the said mortgage was recorded or not. It cannot be said, therefore, that the mortgage was one required by law to be registered or recorded under section 3328 of the Revised Statutes of Texas of 1895, nor that the granting of said mortgage constituted a preference within four months, under section 60a of the bankrupt law.

The petition for revision is allowed, and the judgment of the referee and the judgment of the District Court affirming the same, filed December 16, 1904, are reversed; and judgment is now rendered that the claim of the Meyer Bros. Drug Company, as assignee of L. B. and S. W. Pipkin, to the mortgage lien asserted by them upon the funds in the hands of the trustee, and resulting from the sale of the mortgaged property, be, and the same is, allowed, as in all respects valid and just.