## LOESER v. SAVINGS DEPOSIT BANK & TRUST CO.

(Circuit Court of Appeals, Sixth Circuit.   November 22, 1906.)

No. 1,535.

1. BANKRUPTCY—PREFERENCES—DELAY IN RECORDING CHATTEL MORTGAGE.

A state statute which requires a conveyance or transfer to be recorded in order to be effectual against any class or classes of persons is a law by which such recording is "required," within the meaning of Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445] as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], which defines preferences given by a debtor within four months prior to his bankruptcy and provides that "where the preference consists in a transfer such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

2. SAME—OHIO STATUTE.

A chattel mortgage given in Ohio to secure an antecedent debt, which by the law of the state is required to be recorded to render it valid as against lien creditors of the mortgagor or subsequent purchasers or incumbrances in good faith, and which, while given previously, was not recorded until within four months prior to the mortgagor's bankruptcy, constitutes a preference under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445] as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1905, p. 689], and where at the time it was given the mortgagee knew or had reasonable cause to believe the mortgagor to be insolvent the preference is voidable by the trustee in bankruptcy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 262.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio.

Smith, Taft & Arter and L. J. Grossman, for appellant Loeser.
W. W. Boynton, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and COCHRAN, District Judge.

LURTON, Circuit Judge.   The question in this case is as to whether Mrs. Chadwick's chattel mortgage securing a past indebtedness to the Savings Deposit & Trust Company of $37,000 is invalid as a preference under section 60a of the Bankrupt Law of July 1, 1898 (30 Stat. 562, c. 541 [U. S. Comp. St. 1901, p. 3445]), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat, 799 [U. S. Comp. St. Supp. 1905, p. 689].

This mortgage was made April 27, 1904.   By an agreement between the parties it was withheld from record until November 22, 1904, on which day the mortgagee took actual possession of the mortgaged property and put the mortgage to record.   On December 1, 1904, proceedings in bankruptcy were begun against Mrs. Chadwick, and in due course she was adjudged a bankrupt.   By agreement the mortgaged property was placed in the hands of the bankrupt receiver for purpose of sale, the rights of the mortgagee in the fund to be reserved and adjudicated by the court.   Thereupon the bankrupt trustee filed a petition attacking the mortgage as a preference voidable under the bankrupt law.   The bank consented to the jurisdiction and entered its appearance, and filed a cross-petition asserting its right to enforce the

lien of its said mortgage, and that its claim, when determined, be awarded priority by virtue of the lien of its said mortgage against the fund in the possession of the court, the proceeds of the sale by the trustee of the chattels covered by the mortgage. The District Court denied this relief, and the cross-petitioner has appealed. The property mortgaged included Mrs. Chadwick's entire chattel estate, and consisted of household furniture, china, bric-a-brac, pictures, jewels, an automobile, and all chattels in her residence on Euclid avenue, Cleveland, and in her barns.

The transcript recites that it was conceded by the mortgagee bank on the hearing below:

"That at the time the chattel mortgage was executed by Cassie L. Chadwick, to-wit: April 27, 1904, and delivered to J. C. Hill, its president, that said Cassie L. Chadwick was insolvent, and that said J. C. Hill as president of said bank had reasonable cause to believe at that time that she was insolvent and that such condition existed on the 22d day of November, 1904. It also appeared from the evidence that the effect of enforcing such chattel mortgage, if held valid, will be to enable said bank to obtain a greater percentage of its debt than any other of the bankrupt creditors of the same class."

The concession brings this transfer squarely within the definition of a voidable preference, provided it was such a transfer as under the law of Ohio was "required" to be recorded within the meaning of section 60a of the bankrupt law of 1898 as amended by the act of February 5, 1903. District Judge Tayler, who heard this case in the court below, was of opinion that under the laws of Ohio, the state wherein the mortgaged property was situated, a chattel mortgage is not "required" to be recorded within the meaning of the amendment referred to, and that the preference related to the date of the actual execution of the transfer, and was, therefore, valid as a preference made more than four months before the filing of the petition. To support this conclusion he cites section 4150, Ohio Rev. St. 1906, Francisco v. Ryan, 54 Ohio St. 307, and In re Shirley, 112 Fed. 301, 50 C. C. A. 252, as to the validity of an unrecorded chattel mortgage "not accompanied by an immediate delivery and followed by an actual and continual change of possession," as against all persons except "creditors of the mortgagor, subsequent purchasers and mortgagees in good faith." To support the proposition that an unrecorded lien, good as between the parties under the law of the state, is good against a bankrupt trustee, if the lien antedates the filing of the petition more than four months, the cases of Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956, and Rogers v. Page et al., 140 Fed. 596, 72 C. C. A. 164, decided by this court, are cited. As to the construction of section 60a before the amendment of 1903, Meyer Brothers Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240, an opinion arising under the recording statute of Texas, and decided by the Circuit Court of Appeals of the Fifth Circuit, is cited as holding that the law has not been changed by the amendment of February 5, 1903. It must be conceded that, under the settled law of Ohio, this mortgage was valid without recording, as between the parties and became good when recorded against all creditors who had fastened no lien thereon before, questions of actual fraud in witholding it from record out of the way. It must also be conceded that prior to the amendment of the bankrupt law by the amending act of February 5,

1903, the preference, if free from actual fraud, would relate to the date of the making and delivery of the instrument creating it, and, if that date was more than four months before the filing of the petition for adjudication in bankruptcy, the lien would be good against the trustee. Humphrey v. Tatman and Rogers v. Page et al., cited above. Both of the cases last cited arose under preferences given before the amendment of February 5, 1903. What has been the effect of that amendment? This fact was referred to by Mr. Ray of the House Judiciary Committee, who explained the amendment in question, when proposed in Congress, as intended to prevent preferences under unrecorded instruments given more than four months before the filing of the petition. Touching this he said:

"By adding to 'A' a clause which shall be equivalent to that found in section 3 B (1) Act July 1, 1898, c. 541, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422]. It seems that as section 60A now stands a preferential mortgage may be given and the creditor preferred, by withholding it from record four months be able to dismiss the trustee suit to recover the same though the paper was actually recorded within the four months period. See In re Wright (D. C. Ga.) 96 Fed. 187; In re Mersman (N. Y.) 7 Am. Bankr. Rep. 46." Volume 35, part. 7, Cong. Record, 6,943.

Before this amendment section 60a read as follows:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class."

This section, in its original form, was construed in the cases of Humphrey v. Tatman and Rogers v. Page et al., cited above, and in several other reported cases as avoiding no preference which originated under an unrecorded transfer made more than four months before the beginning of bankruptcy proceedings against the maker. Subsequently Mr. Ray became district judge for the Northern District of New York, and in the case styled In re Hunt (D. C.) 139 Fed. 283, he quotes from Collier on Bankruptcy (5th Ed.) p. 453, a statement that the amendment as offered added after the word "required" the words "or permitted," and "that the Senate for some reason struck out these words." Judge Ray, from this history, held that because under the laws of New York an unrecorded conveyance was good as against everybody except subsequent purchasers without notice, that it was not "required" to be recorded in order to be effectual against a bankrupt trustee. Independently of this legislative history, Judge Archbald, in English v. Ross (D. C.) 140 Fed. 630, and the Circuit Court of Appeals for the Eighth Circuit, in First National Bank v. Connett (C. C. A.) 142 Fed. 33, reached an opposite conclusion and held that a recording statute, which required a conveyance or transfer to be recorded to be effectual against a certain class or classes of persons, was a law which "required" the recording of the transfer in question, within the meaning of section 60a as amended. With this conclusion we agree.

Among the reasons which justify this interpretation are these:

(1) A preference which is an act of bankruptcy by section 3 should in an harmonious law be voidable by the trustee. By that section a

148 F.—62

transfer made by one "while insolvent" of any portion of his property to one or more of his creditors "with intent to prefer such creditors over his other creditors" is made an act of bankruptcy, and a petition may be filed against such person "within four months after the commission of such act." With respect to the date of the commission of such act of bankruptcy, subdivision (1) of the same section provides that the date from which the four months begins to run shall be "the date of the recording or registering of the transfer or assignment when the act consists in having made a transfer of any of his property * * * for the purpose of giving a preference as hereinbefore provided, * * * if by law such recording or registering is required or permitted, or, if it is not, from the date when the beneficiary takes notorious, exclusive or continuous possession of the property unless the petitioning creditors have received actual notice of such transfer or assignment." By section 60a, a definition of a "preference" is given which under section 3 would constitute an act of bankruptcy and by section 60b, a "preference" so defined is made voidable by the trustee. But, as we have seen heretofore, sections 60a and 60b did not make a preference voidable by the trustee unless the preference, whether under a recorded or unrecorded instrument, was given within four months prior to the filing of a petition in bankruptcy. Thus a "preference" under section 3, as defined by section 60a, might constitute an act of bankruptcy and justify an adjudication if given by an unrecorded instrument more than four months prior to bankruptcy and the preference itself be enforced as a perfectly valid act. The plain purpose of the amendment of section 60a was to bring it into harmony with section 3, by making the same period of time the test as to whether a preference may be avoided by the trustee, under the former, or may constitute an act of bankruptcy under the latter. The construction given to section 3 should be carried forward and given to section 60a as amended; thus bringing them into consistent relations. "The two, said Judge Archbald, in English v. Ross, cited above, "are intimately related, the one in this particular being the basis of and dominating the other, and it is the failure to realize this and to draw them together as they should be that is responsible for any misapprehension. What is thus 'required' in the way of recording in the one is also 'required' as a conveyance in the other and for the same purpose."

(2) The evil to be corrected was that of secret preferences, given by withholding from record instruments which by the whole policy of recording statutes should be recorded. This evil was pointed out by the author of the amendatory act of 1903 and the object of the amendment of 60a was stated to be the remedying of this evil. The law, as it stood, encouraged such secret liens and preferences, for, if they could be concealed for four months, though acts of bankruptcy, they were not voidable by the trustee. If we say that unless the law of the state where the transfer is made makes void all such transfers as to all the world, that it is not a law which "requires" recording, the evil will continue and judges will continue to bewail the iniquity of a law which makes such a secret transfer an act of bankruptcy and yet holds the preference valid against the bankrupt's estate because made more than

four months before starting bankrupt proceedings against the maker. See the lament of Judge Ray in Re Hunt, 139 Fed. 286, 287.

(3) Some effect should be given to the amendment of section 60a if the language of the provision will permit. If "required" be construed as applying only to a law which makes every such transfer absolutely void as to all persons, the amendment will be of no effect, for no recording statute, of which we have any knowledge, makes void transfers or conveyances as between the parties and all of them give effect to such instruments as against some classes of persons having actual notice. The amendment would be idle, and the evil sought to be remedied would flourish as before and the legislative purpose be frustrated.

(4) In view of all of the foregoing considerations, we reach the conclusion that the word "required," as used in the amendment, refers to the character of the instrument giving the preference or making the transfer, without reference to the fact that as to certain persons or classes of persons it may be good or bad according to circumstances. If to be valid against certain classes of persons, the law of the state "requires" the constructive notice of registration it is a transfer which under the amendment is "required" to be recorded. This takes account of the purpose and policy of recording acts, remedies the evil which flourished under the law before the amendment, gives effect to the plain purpose of Congress, and gives some effect and force to a provision which would otherwise be meaningless, and brings section 3 and 60a and 60b into harmony of purpose and meaning.

(5) We do not ignore the argument that in section 3 the word "required" is followed by the words "or permitted," and that the latter words are omitted from the amendment, and that the words "or permitted" were in the act as introduced by the author of the bill and retained in the amendment as it passed the House, but was dropped in the Senate.

It is a fact of which we may take notice that it is common to recording statutes to set out a list of contracts, conveyances, and transfers which may be registered, or as "entitled" or "permitted" registration. But, if an instrument is not "entitled" or "permitted" by law to be recorded, its record is of no effect as constructive notice. The effect of recording statutes is limited to such instruments as the statute permits record of. Burck v. Taylor, 152 U. S. 634, 14 Sup. Ct. 696, 38 L. Ed. 578; Lynch v. Murphy, 161 U. S. 247, 16 Sup. Ct. 523, 40 L. Ed. 688; Blake v. Graham, 6 Ohio St. 580, 67 Am. Dec. 360; 24 Encyclopedia of Law, p. 142, and cases cited. The Ohio statute concerning the recording of chattel mortgages does not require that such mortgages shall be recorded in order to be valid as against the parties or purchasers with notice. Only creditors and purchasers without notice can ignore an unrecorded chattel mortgage, and they cannot do so if there immediately followed a delivery and notorious change of possession. Yet the mortgagor or mortgagee is entitled or "permitted" to record the instrument, though not essential to its validity as against certain classes of persons.

We conclude from the general purpose and policy of recording statutes that the words "or permitted" are of no vital signification in sec-

tion 3. If the instrument giving the preference is one which is "permitted" to be recorded in order to give it validity as against certain classes of persons, though perfectly valid without record as to other classes, it is an instrument "required" to be recorded within the meaning of the word as there used. The words "required" and "permitted" in the connection used are of synonymous legal meaning. The dropping of the words "or permitted" by the Senate is, therefore, of no vital signification if we are right in regarding section 3 and section 60a as closely connected provisions. It is only in extremely doubtful matters of interpretation that the legislative history of an act of Congress becomes important. If the word "required," as used in sections 3 and 60a, is used as referring to the character of the instrument giving the preference, and not as to the persons as between whom it may be valid without recording or the persons as to whom it is void for failure to record, the words "or permitted" in section 3 were surplusage, and the Senate might well omit them from the amendment, the plain purpose being to tie the two provisions together. Why they were omitted from the bill as it finally passed we can only conjecture. If they had been retained, no one would question that the amendment made the preference, constituting an act of bankruptcy by section 3, voidable by the trustee under section 60a and 60b. To say that this plain purpose has failed because "or permitted" was inserted by one house and stricken out by the other, would be to make nothing of the amendment. We should so construe the act as to give it vitality if the words of the act will permit.

Under section 4150, Rev. St. Ohio 1906, a mortgage of chattels, not followed by immediate delivery and no actual and notorious change of possession, is "required" to be recorded. Otherwise it is invalid as to some persons and valid as to others. That such a mortgage is "required" by the law of Ohio to be recorded within the meaning of section 60a as amended, we have no doubt.

Other objections to the validity of the mortgage lien under the laws of Ohio, especially section 6343, Rev. St. Ohio 1906, have been argued. We express no opinion upon any other question than that discussed and decided.

The decree of the court below must be reversed, and the case remanded, with direction to proceed in accordance with this opinion.