MATTLEY v. GIESLER.

(Circuit Court of Appeals, Eighth Circuit. April 24, 1911.)

No. 3,462.

1. BANKRUPTCY (§ 161*)—PREFERENCE—FAILURE TO RECORD TRANSFER.
        Under Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 (U. S. Comp. St. Supp. 1909, p. 1314), which provides that, "where a preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required," a transfer by an instrument required by the state law to be recorded speaks from the time of the recording, and not from the date of its execution, and may be void as a preference under such section, regardless of the effect of the failure to record under the state law.
        [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*]

2. BANKRUPTCY (§ 184*)—PREFERENCES—TRANSFERS REQUIRED TO BE RECORDED —"REQUIREMENT OF REGISTRATION."
        The statute of Nebraska (Comp. St. 1909, c. 32, § 3647) providing that every chattel mortgage not accompanied by immediate delivery and fol-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

lowed by continued change of possession "shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith," unless it or a copy is filed with the county clerk for registration, is a "requirement of registration," within the meaning of Bankr. Act July 1, 1898, c. 541, § 60a, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445), as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 (U. S. Comp. St. Supp. 1909, p. 1314).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275-277; Dec. Dig. § 184.*]

Appeal from the District Court of the United States for the District of Nebraska.

Suit in equity by Herman N. Mattley, trustee in bankruptcy of Walter E. Parker, against John Giesler, administrator c. t. a. of the estate of Joseph W. Wolfe, deceased. Decree (175 Fed. 619) for defendant, and complainant appeals. Reversed.

John S. Bishop (R. S. Mockett and F. A. Peterson, on the brief), for appellant.

J. M. Stewart (D. H. McClenahan, on the brief), for appellee.

Before HOOK, Circuit Judge, and RINER and W. H. MUNGER, District Judges.

HOOK, Circuit Judge. A chattel mortgage on a stock of merchandise and fixtures in Nebraska, given eight months before the mortgagor became bankrupt, was withheld from the records by the mortgagee pursuant to agreement until two days before bankruptcy proceedings were commenced. The mortgagee then filed the mortgage, took possession of the mortgaged property, and sold it. The mortgagor was insolvent when the mortgage was filed, and the mortgagee had reasonable grounds for believing it, and that he would thereby secure a preference. The trustee in bankruptcy sued the mortgagee for the value of the property, claiming the mortgage was fraudulent and void under the state law, and therefore so under section 67 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1901, p. 3450]); also that the mortgagee secured a voidable preference under section 60. The trial court held against the trustee and dismissed his bill of complaint. Mattley v. Wolfe (D. C.) 175 Fed. 619. The trustee appealed.

[1] We need not consider the claim that the mortgage was fraudulent and void under the state law, for we think the court erred in holding there was no voidable preference. By the amendment of 1903 (Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799 [U. S. Comp. St. Supp. 1909, p. 1314]) there was added to section 60a of the bankruptcy act defining preferences the clause:

"Where a preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required."

In First Nat. Bank v. Connett, 73 C. C. A. 219, 142 Fed. 33, we held that the term "required" had reference to the character of the instrument of transfer, rather than to the particular persons who might or

might not be affected by the withholding of it from the records. Under the amended section an instrument of transfer required to be recorded or registered speaks at the time the requirement is complied with, and not at the time of its execution. A failure to record or register when required may entail a consequence which does not result from the state law alone. A transfer, good as to the bankrupt and his general creditors while not of record, may nevertheless be voidable as to the trustee, representing them, if the instrument be of a class required to be recorded or registered. The amendment was directed against secret liens, and was intended to change the rule of the prior decisions upon that subject. This construction has been approved in English v. Ross (D. C.) 140 Fed. 630; Loeser v. Trust Co., 78 C. C. A. 597, 148 Fed. 975; In re Reynolds, 153 Fed. 295; In re Beckhaus, 100 C. C. A. 561, 177 Fed. 141. It was held in the Connett Case that under the statute and decisions of the courts of Missouri the chattel mortgage in question was fraudulent and void as to creditors represented by the trustee in bankruptcy. In that particular the case rested upon the law of Missouri, and is not pertinent here. But it was also held, irrespective of such invalidity, that the statute of the state "required" the recording of chattel mortgages within the intent of amended section 60a of the bankruptcy act, and that a voidable preference was obtained.

[2] The mortgage here, though given before, was filed within, the four months preceding the commencement of the bankruptcy proceedings; and, the other conditions of a voidable preference being present, the remaining question is whether the Nebraska statute requires such instruments to be recorded or registered. It provides that every chattel mortgage, not accompanied by immediate delivery and followed by continued change of possession, "shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith," unless it or a true copy be filed with the county clerk, whose duty it is to make certain entries regarding it upon the records of his office. Comp. St. 1909, c. 32, § 3647. This is a requirement of registration within the meaning of the bankruptcy act, and it is none the less so though the penalty for noncompliance is not invalidity as to everybody and for all purposes.

About the time the mortgagee took possession he purchased another mortgage on the property; but, as the claim under it is subject to similar infirmities, it is disposed of by the conclusions above expressed. We think there was a voidable preference, and that the trustee was entitled to recover the value of the mortgaged property and interest from the time it should have been surrendered.

The decree is reversed, and the cause is remanded for a decree in conformity with this opinion.