<hr>

## In re BOYD.

### (Circuit Court of Appeals, Second Circuit. April 28, 1914.)

### No. 213.

BANKRUPTCY (§ 161*)—VOIDABLE PREFERENCES—COMPUTATION OF TIME—"REQUIRE"—"PERMIT."

    Bankr. Act July 1, 1898, c. 541, § 3b, 30 Stat. 546 (U. S. Comp. St. 1901, p. 3422), provides that involuntary petitions may be filed within four months after any act of bankruptcy, and that such time shall not expire until four months after the date of recording or registering a preferential transfer, if by law such recording is "required or permitted." Section 60 relative to avoiding preferences, provides that, where the preference consists in a transfer, the period of four months shall not expire until four months after the day of the recording or registering thereof, if by law such recording or registering is "required." *Held*, that "required," in section 60, does not mean the same as "required or permitted," in section 3b, and hence, where a mortgage given more than four months before bankruptcy, but recorded within that time, was under the state law valid as to judgment and general creditors without recording, it could not be avoided; the words "require" and "permit" expressing different ideas, and the one not ordinarily including the other.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261–263; Dec. Dig. § 161.*

    For other definitions, see Words and Phrases, vol. 7, pp. 6122–6125; vol. 6, pp. 5315–5318; vol. 8, p. 7725.]

Petition to Revise Order of the District Court of the United States for the Eastern District of New York.

This cause comes here on petition by the trustee under a mortgage of real estate located in the city of New York to revise an order of the District Court, Eastern District of New York. The order held that the mortgage constituted a preference under section 60 of the Bankrupt Act and that it was null and void as against the trustee in bankruptcy and the creditors he represents. Reversed.

M. L. Borland, of New York City, for petitioner.

O. A. Lewis, of Brooklyn, N. Y., for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The special commissioner held that the transaction, the giving of the mortgage, was actually fraudulent. Judge Veeder did not concur in this conclusion and on that branch of the case we agree with him. The only question left is one of law, involving the construction of one section of the Bankruptcy Act.

The mortgage was executed in December, 1909; it was recorded September 27, 1911. Boyd filed his petition in voluntary bankruptcy November 1, 1911, on that date there were no creditors other than those who were creditors when the mortgage was executed. Section 3a (2) makes it an act of bankruptcy when a person, while insolvent, transfers any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors. The mortgage in question, upon the proofs was such a transfer. Section 3b provides that petition in involuntary bankruptcy may be filed within four months after the commission of the act of bankruptcy. It further provides that such time shall not expire until four months after date of the recording or registering of the transfer, "if by law such recording is *required or permitted,* or if it is not, from the date when the beneficiary takes notorious, exclusive or continuous possession of the property."

Section 60, however, which deals with the subject of preferential transfers and their avoidance by the trustee in bankruptcy, states the four months period as running "after the date of the recording and registering of the transfer, if by law such recording or registering is required." It is the contention of the trustee in bankruptcy that the phrase last above quoted from section 60 is to be construed as if it were expressed in the same language as the phrase above quoted from section 3. This contention was adopted by the District Judge.

The question then is this: When Congress in section 60 allowed a preferential transfer to be set aside, with a time provision which ran from the date of recording, if the law (of the state where the property was located) *required* recording, did it use the word "required" as meaning both "required" and "permitted"? There have been so very many conflicting decisions in answer to this question that a brief statement of our own opinion will be sufficient. The question was first considered in this circuit in Re Hunt, 139 Fed. 283, where Judge Ray referred to the proceedings in Congress, when the House passed an amendment to section 60 which would make the phrase in question in full accord with the phrase in section 3.

The words "require" and "permit" express different ideas; in the ordinary use of the English language the one does not include the

other. Presumably Congress knew what these words meant and used them to express such meaning. Presumably, also, when it used the one word in part of the act and both the words in another part of the act, it did this intentionally and not by some oversight. We have not here a case where the literal interpretation of the word in a statute will produce absurd, unreasonable, or inequitable results. When the only person to be affected is the bankrupt himself, they use both words, and therefore increase the number of instances in which an insolvent who tries to prefer some creditor may be thrown into bankruptcy. In the other section, however, when under the constitutional power to enact uniform statutes of bankruptcy they are taking away from third parties property to which, under the law of some particular state, they are entitled, it is not surprising that they used only one of the words, thereby decreasing the number of instances in which the title to such property would be disturbed.

It is usually a safe rule in interpreting legislative enactments to assume that the Legislature understood the meaning of the words it used, and intended them to be taken in their ordinary meaning. As to this act, however, we have additional information which, in our opinion, makes the intent of Congress entirely clear. As pointed out in Re Hunt, supra, the attention of Congress was expressly called to the situation; it was advised that, as the act read, the language of section 60 was not as broad as that of section 3. Adopting the report of its judiciary committee, the House passed an amendment for the express purpose of making both sections of equal breadth. The amendment proposed by the House did not fail of concurrence by the Senate merely because the subject was not taken up by that body and disposed of. The House amendments were considered, some of them were adopted and became law, but this one was rejected by the Senate—surely we must assume because the Senate was not willing to broaden section 60 to the extent to which the House sought to broaden it.

We are therefore of the opinion that the four months period of section 60 runs from the date of transfer, except when the state law requires recording, which the statute of New York does not do in the case of a mortgage such as this. It is valid as to judgment creditors and general creditors without recording.

In accordance with the views above expressed are decisions of the Court of Appeals, Fifth Circuit: Little v. Hardware Co., 133 Fed. 874, 67 C. C. A. 46; Meyer Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240. A different conclusion has been reached in the Sixth Circuit C. C. A., Loeser v. Savings Dep. Bank, 148 Fed. 975, 78 C. C. A. 597, 18 L. R. A. (N. S.) 1233; Carey v. Donohue, 209 Fed. 328, 126 C. C. A. 254; in the Seventh Circuit C. C. A., In re Beckhaus, 177 Fed. 141, 100 C. C. A. 561; in the Eighth Circuit C. C. A., Mattley v. Giesler, 187 Fed. 970, 110 C. C. A. 90. If this were a mere point of practice, we should follow the weight of authority in Circuit Courts of Appeal; but it involves a question of substantive law, and, in the absence of controlling authority, the petitioner is entitled to our own opinion. It would seem desirable that the question be brought before the Supreme Court.

The order is reversed.