## In re ALDEN.

## In re REDDINGTON & CO.

### (District Court, D. Maine. June 5, 1916.)

### No. 11764.

1. CHATTEL MORTGAGES ☞194—RECORDATION—NECESSITY.
   Under Rev. St. Me. c. 93, § 1, declaring that no mortgage of personal property is valid against any person other than the parties, unless possession is delivered to and retained by the mortgagee, or the mortgage is duly recorded, recordation of a chattel mortgage, where possession is not given to the mortgagee, is necessary for the mortgage to be valid as against the mortgagor's creditors.

   [Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 426, 427; Dec. Dig. ☞194.]

2. BANKRUPTCY ☞161(1)—"PREFERENCES"—WHAT CONSTITUTES.
   Under Bankr. Act July 1, 1898, c. 541, §§ 60a, 60b, 30 Stat. 562, as amended by Act Feb. 5, 1903, c. 487, § 13, 32 Stat. 799, and Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (Comp. St. 1913, § 9644), declare that a person shall be deemed to have been given preference, if, being insolvent, he has within four months before the filing of the petition and adjudication, made a transfer of any of his property, the effect of which will be to enable any one of his creditors to obtain a greater percentage of his debt than other creditors of the same class, and that if a bankrupt shall have made a transfer of any of his property, if, at the time of the transfer or registering thereof, if by law recording or registering is required, and being within four months of the filing of the petition in bankruptcy or after the filing and before adjudication, the bankrupt be insolvent, the transfer operates as preference, a chattel mortgagee, whose mortgage was not recorded as required by Rev. St. Me. c. 93, § 1, possession not passing, until a few days before the filing of the mortgagor's petition in bankrupt-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

cy, cannot assert his mortgage against other creditors, for it constitutes a preference.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 261, 262; Dec. Dig. ☞161(1).

For other definitions, see Words and Phrases, First and Second Series, Preference.]

In Bankruptcy. In the matter of Fred A. Alden. On petition of Reddington & Co., a corporation, to review an order of the referee, disallowing petitioner's chattel mortgage as a secured claim. Order affirmed.

Carl C. Jones, of Waterville, Me., for petitioner.
Charles W. Atchley, of Waterville, Me., for trustee.

HALE, District Judge. Reddington & Co., a corporation, petitions this court for a review of the order of the referee, disallowing its claim as a secured claim, against the bankrupt estate. This claim arises upon a chattel mortgage, dated June 13, 1914, recorded in Oakland town records January 5, 1916. The referee has found that the recording was not made until after the bankrupt had begun to prepare his petition and schedules in bankruptcy, and on the second day before the filing of same. He holds that the recording was essential by statute in this state, for protection of the mortgagee as against the mortgagor's creditors. The referee also holds the mortgage to be a voidable preference under the Bankruptcy Act. He disallows it as a secured claim, but allows it as an unsecured claim to the amount of $558.74, or the face of the note less the discount from January 7, 1916, to the date of the maturity of the note.

[1, 2] The only question arising in this case is whether the mortgage in question constitutes a voidable preference under sections 60a and 60b of the Bankruptcy Act, as amended by the acts of 1903 and 1910. Those sections, as thus amended are:

"Sec. 60a. A person shall be deemed to have given a preference if, being insolvent, he has, within four months before the filing of the petition, or after the filing of the petition and before the adjudication, procured or suffered a judgment to be entered against himself in favor of any person, or made a transfer of any of his property, and the effect of the enforcement of such judgment or transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other of such creditors of the same class. Where the preference consists in a transfer, such period of four months shall not expire until four months after the date of the recording or registering of the transfer, if by law such recording or registering is required.

"Sec. 60b. If a bankrupt shall have procured or suffered a judgment to be entered against him in favor of any person or have made a transfer of any of his property, and if, at the time of the transfer, or of the entry of the judgment, or of the recording or registering of the transfer if by law recording or registering thereof is required, and being within four months before the filing of the petition in bankruptcy or after the filing thereof and before the adjudication, the bankrupt be insolvent and the judgment or transfer then operate as a preference, and the person receiving it or to be benefited thereby, or his agent acting therein, shall then have reasonable cause to believe that the enforcement of such judgment or transfer would effect a preference, it shall be voidable by the trustee and he may recover the property or its value from such person. * * *"

The mortgage was made in June, 1914. It was not recorded until January, 1916, shortly before the filing of the bankrupt petition. It clearly was a transfer of property. The question, then, is whether, under the sections of the Bankruptcy Act above quoted, the mortgage is one which was "required" to be recorded. The Revised Statutes of Maine (chapter 93, § 1) provide:

"No mortgage of personal property is valid against any other person than the parties thereto, unless possession of such property is delivered to, and retained by the mortgagee, or the mortgage is recorded by the clerk of the city, town or plantation organized for any purpose, in which the mortgagor resides, when the mortgage is given."

In the Marriner Case (D. C.) 220 Fed. 542, 544, the trustee in bankruptcy contended that the mortgage was invalid, first, because it was a preference; and, second, because it was negligently withheld from record, whereby mercantile creditors were deceived and sold goods to the bankrupt in the belief that his stock was not incumbered by a mortgage, so that the mortgagee was estopped from claiming priority over other creditors by virtue of his mortgage. In that case it was clear that no preference was made or intended, so that the question did not arise whether, in view of sections 60a and 60b of the Bankruptcy Act, the mortgage was "required" to be recorded. Under the second point of contention in the case, the court held that, under the statute of Maine, to which I have referred, a mortgage made in good faith when recorded is valid against all parties, who, previous to the date of its record, have not acquired a lien by attachment, levy, or some such proceeding, and that a chattel mortgage is good only between the parties, so long as it is unrecorded, but when recorded it takes effect as against these parties. This decision was distinctly on the question of estoppel, which I have just stated; and no point was raised in reference to a preference, under sections 60a and 60b of the Bankruptcy Act.

In the case at bar, two days prior to the filing of the bankrupt petition the mortgagee recorded his mortgage on advice of the attorney for the bankrupt to record it—the latter advising him to "get it recorded; he is going through bankruptcy." There must be no question, then, but that the mortgagee had reasonable cause to believe that the enforcing of the mortgage lien, in his favor, as of that time, would effect a preference in his favor.

Did the transfer, then, become voidable as a preference, under the sections of the Bankruptcy Act which I have cited, and, especially, under the amendment of 1910? The authorities on the point are not uniform. In Loeser v. Savings Deposit Bank & Trust Company, 148 Fed. 975, 78 C. C. A. 597, 18 L. R. A. (N. S.) 1233, the United States Circuit Court of Appeals for the Sixth Circuit held that a recording statute, which requires a conveyance to be recorded to be effectual against a certain class, or classes, or persons, is a law which required the recording of the transfer in bankruptcy within the meaning of sections 60a and 60b of the Bankruptcy Act, as amended by the act of 1903. This decision was previous to the amendment of 1910. In speaking for the court, and in pointing out

the evil of secret preferences, Judge Lurton, Circuit Judge, afterwards judge of the Supreme Court said:

"If we say that unless the law of the state where the transfer is made makes void all such transfers, as to all the world, that it is not a law which 'requires' the recording, the evil will continue."

Further on, in his opinion, Judge Lurton proceeds:

"We reach the conclusion that the word 'required,' as used in the amendment, refers to the character of the instrument giving the preference or making the transfer, without reference to the fact that, as to certain persons or classes of persons it may be good or bad according to circumstances."

The court held that an unrecorded chattel mortgage, not followed by immediate delivery and actual change in possession of the mortgaged property, though good as against the parties or creditors with notice, yet is "required" by the state statute to be recorded within the meaning of section 60a of the Bankruptcy Act, as amended by the amendment of 1903; and the amendment of 1910 is more strict against the preference of unrecorded conveyances than any previous legislation. In First National Bank of Buchanan County v. Connett, 142 Fed. 33, 37, 41, 73 C. C. A. 219, 227 (5 L. R. A. [N. S.] 148), the Circuit Court of Appeals for the Eighth Circuit, considered the statute of Missouri relating to chattel mortgages. The Missouri statute provides that no mortgage of personal property should be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to and retained by the mortgagee, or unless the mortgage be recorded in the county in which the mortgagor resides. That statute was, then, substantially the same as the statute of Maine before us in this proceeding. In speaking for the court, Judge Hook says:

"The clear letter and policy of the Missouri statute have often been referred to by the courts of that state. The withholding of a chattel mortgage from record assists the debtor to practice a false pretense. It enables him to maintain a financial standing to which he is not honestly entitled. That is generally the actuating purpose, and it is invariably the result. It induces prior creditors to forbear and other persons to extend credit. A plain and inexpensive method is prescribed by which a mortgagee may secure a priority of lien, and the evil results that may follow from ignoring it are obvious. The fiction of relation is generally used to prevent wrong or injustice, but we find no warrant in the decisions of the courts of Missouri for its employment to defeat the evident and wholesome policy of the law. There, possession of the property not being taken, a chattel mortgage seems to speak as of the day it is recorded."

In the Beckhaus Case, 177 Fed. 141, 100 C. C. A. 561, the statute of Illinois was considered. That statute is:

"No mortgage, trust deed or other conveyance of personal property having the effect of a mortgage or lien upon such property, shall be valid as against the rights and interests of any third person, unless possession thereof shall be delivered to and remain with the grantee, or the instrument shall provide for the possession of the property to remain with the grantor, and the instrument is acknowledged and recorded as hereinafter directed; and every such instrument shall, for the purpose of this act, be deemed a chattel mortgage." Starr & C. Ann. St. c. 95, § 1.

The Circuit Court of Appeals for the Seventh Circuit held that the above statute required the mortgage to be recorded under the

law of Illinois. In that case the court followed the law of the Loeser Case.

It is true that the decisions of the courts are not uniform upon this subject. The learned counsel for the petitioner has brought to my attention the Boyd Case, 213 Fed. 774, 776, 130 C. C. A. 288. That case sustains the contention of the petitioner; in it are cited certain other cases in accordance with the same view. The Roberts Case, 227 Fed. 177, is a District Court case, in which the learned judge referred to a former decision of his own. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577, relied upon by the petitioner, was a case in which the bankruptcy petition was filed in 1900, or before the amendment of 1910 or of 1903. Certain other cases are cited by the petitioner; but I think I have referred to those which state the law most clearly. Most of these cases were before the amendment of 1910. In Davis v. Hanover Savings Fund Society, 210 Fed. 768, 773, 127 C. C. A. 318, Judge Connor, for the Court of Appeals for the Fourth Circuit, called attention to the fact that the amendment of 1910 makes a radical change in the law. In the Boyd Case, supra, in speaking for the Circuit Court of Appeals for the Second Circuit, Judge Lacombe says:

"A different conclusion has been reached in the Sixth circuit (Loeser v. Savings Dep. Bank, 148 Fed. 975 [78 C. C. A. 597, 18 L. R. A. (N. S.) 1233]; Carey v. Donohue, 209 Fed. 328 [126 C. C. A. 254]), in the Seventh circuit (In re Beckhaus, 177 Fed. 141 [100 C. C. A. 561]), and in the Eighth circuit (Mattley v. Giesler, 187 Fed. 970 [110 C. C. A. 90]). If this were a mere point of practice, we should follow the weight of authority in Circuit Courts of Appeal; but it involves a question of substantive law, and, in the absence of controlling authority, the petitioner is entitled to our own opinion. It would seem desirable that the question be brought before the Supreme Court."

Judge Lacombe then admits that the weight of authority is in accordance with the cases which I have above cited, but he gives the great weight of his opinion to the contrary. Loveland states that the better rule is in favor of the law stated in the Loeser Case. Loveland (4th Ed.) vol. 1, p. 994. Collier (10th Ed., p. 799) says:

"If a chattel mortgage first comes into existence as against general creditors, under a state statute, when it is recorded, it is 'required' to be recorded under this subdivision (60a) even though it is not absolutely void under all circumstances, because not so recorded"—citing several cases.

In the case at bar it is not claimed that possession of the property was delivered to and retained by the mortgagee. In order to be valid, as against any person other than the parties thereto, it must be recorded. Within the reasoning of the Loeser Case, and other cases taking the same view of the law, I must hold that the mortgage in question was "required" to be recorded, under the statute of Maine then in force. In coming to this conclusion I am not unmindful of the fact that there are authorities, as well as good reasoning, on both sides. I think, however, the weight of authority is in accordance with the view which I take.

So far as relates to the question of fact in regard to a voidable preference, it must be said that the mortgage was recorded two days before the petition in bankruptcy was filed, and with the evident

knowledge on the part of the mortgagee that an advantage would accrue to it by such record. I am constrained to hold that the mortgage, recorded as it was, constitutes a voidable preference, within sections 60a and 60b of the Bankruptcy Act.

The conclusion of the referee is therefore affirmed in disallowing the mortgage as a secured claim, but allowing it as an unsecured claim to the amount of $558.74, or the face of the note less discount from January 1, 1916, to the date of the maturity of the note.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes