## BUNCH v. MALONEY.

## In re T. H. BUNCH COMMISSION CO.

(Circuit Court of Appeals, Eighth Circuit. June 16, 1916.)

No. 4537.

1. BANKRUPTCY ⟨⟩=467—PREFERENCES—SUIT TO AVOID—PRESUMPTIONS.

In a suit by a trustee in bankruptcy to avoid a chattel mortgage given by the bankrupt, where the record showed no lien creditors aside from the chattel mortgagee, it will be presumed that all other creditors were general creditors of the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ⟨⟩=467.]

2. BANKRUPTCY ⟨⟩=152—ACTIONS—AUTHORITY OF TRUSTEE.

Under Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8 (Comp. St. 1913, § 9631), declaring that the trustee, as to all property in custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, the right of the trustee dates only from the filing of the petition in bankruptcy, and does not extend to transfers recorded within four months prior to the petition, though applicable to transfers thereafter.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 194; Dec. Dig. ⟨⟩=152.]

3. BANKRUPTCY ⟨⟩=184(2) — PREFERENCES — CHATTEL MORTGAGES — RECORDATION.

Bankr. Act, § 60b (Comp. St. 1913, § 9644), provides that if a bankrupt shall transfer property, and if at the time of the transfer, or of the recording or registering of the transfer, if by law recording or registering is required, and being within four months before the filing of the petition in bankruptcy, the bankrupt be insolvent, and the transfer operate as a preference, it shall be voidable by the trustee. Defendant took a chattel mortgage on the property of the bankrupt more than four months before the filing of the petition, but recorded it only a few days before the filing of the petition. Kirby's Dig. Ark. § 5396, declares that every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time it is filed in the recorder's office and not before. The Supreme Court of Arkansas has held that a chattel mortgage, though not recorded, is good as against the mortgagor, his heirs, personal representatives, etc., and general creditors. *Held*, that, under state registry statutes like that of Arkansas, a trustee in bankruptcy as the representative of general creditors may invoke the remedy of section 60b, regardless of the local construction making a procedural distinction between creditors with a lien and those without.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 276; Dec. Dig. ⟨⟩=184(2).]

Appeal from the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Suit by J. S. Maloney, as trustee in bankruptcy of the T. H. Bunch Commission Company, bankrupt, against Mrs. Laura L. Bunch. From a decree for complainant (225 Fed. 243), defendant appeals. Affirmed.

J. H. Carmichael, W. E. Hemingway, G. B. Rose, D. H. Cantrell, J. F. Loughborough, and V. M. Miles, all of Little Rock, Ark., for appellant.

H. M. Trieber, of Little Rock, Ark., for appellee.

Before HOOK and SMITH, Circuit Judges, and REED, District Judge.

HOOK, Circuit Judge. The question in this case is one of voidable preference under section 60b of the Bankruptcy Act. The appellant took a chattel mortgage upon the property of the bankrupt more than four months before, but did not file it for record in the office of the recorder of the proper county until within a few days of the commencement of the bankruptcy proceedings. There was no denial of the existence of all the other operative conditions of a voidable preference. The trial court held with the trustee. In re T. H. Bunch Commission Co. (D. C.) 225 Fed. 243. The case turns on the question whether, within the meaning of section 60b, the filing or recording of the chattel mortgage was "required" by the laws of Arkansas, where the transaction occurred. A state statute provides that:

"Every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before; which filing shall be notice to all persons of the existence of such mortgage." Kirby's Dig. § 5396.

[1] The Supreme Court of Arkansas, in construing this statute, has held that an unfiled or unrecorded mortgage is good between the parties and as against the heirs, personal representatives, devisees and donees of the mortgagor, and his receivers in insolvency; also as against his general creditors. Martin v. Ogden, 41 Ark. 186. It is void, however, as to subsequent purchasers and lien creditors. It does not appear from the record before us that at the time the bankruptcy proceedings were begun there were any lien creditors aside from the appellant with his chattel mortgage, and we must therefore assume that all the other creditors were general creditors of the bankrupt.

[2, 3] The trial court followed the doctrine of Bank v. Connett, 73 C. C. A. 219, 142 Fed. 33, 5 L. R. A. (N. S.) 148, and other similar cases in this circuit and the Sixth and Seventh circuits, that the word "required," in section 60b, refers to the character of the instrument rather than to the particular individuals who might or might not be affected, and held that the chattel mortgage in question was "required" to be recorded by the law of Arkansas. Since then Carey v. Donohue, 240 U. S. 430, 36 Sup. Ct. 386, 60 L. Ed. 726, has been decided. That case involved a deed of real estate in Ohio, and a state statute that as to such an instrument a failure to record or file for record was available only to a subsequent bona fide purchaser without knowledge. The Supreme Court of Ohio had construed the statute as exclusively defining the consequences of a failure to record or file. Though not of record, the deed was nevertheless good as to general creditors and creditors with an attachment, judgment, or ex-

ecution lien. The Supreme Court said in Carey v. Donohue that subsequent bona fide purchasers without knowledge, for whose sole benefit the Ohio statute inured, were not a class represented by the trustee in bankruptcy, were entirely outside the purview of the Bankruptcy Act, and that the deed was not "required" to be filed or recorded, within the meaning of section 60b.

Two views may be taken of the construction given by Carey v. Donohue to the recording requirement clause of section 60b: First, that it is for the benefit of creditors generally, because their rights are the concern of bankruptcy proceedings, but does not embrace those cases in which the requirement is in the interest of persons outside the purview of the Bankruptcy Act. Second, that as to the creditors themselves the clause picks up and adopts all the substantive and procedural limitations of the construction of the statute prescribing the requirement; and if in local practice creditors of a particular class, like general creditors, could not invoke the failure to record, a corresponding disability rests upon the trustee in bankruptcy. The difference between these views is of much importance in the administration of the Bankruptcy Act. The Connett Case, supra, and Mattley v. Giesler, 110 C. C. A. 90, 187 Fed. 970, in this court, were cited by the Supreme Court. Each involved a controversy between a chattel mortgagee, who had delayed recording his mortgage, and creditors, for whom a trustee in bankruptcy stood. Were it not for the apparent disapproval of the doctrine of those cases, it would be quite clear that the first and broader construction above mentioned is the correct one. We think, however, the same result fairly follows from the opinion of the Supreme Court and the considerations upon which it proceeded.

Many of the registry statutes of the states provide that unfiled or unrecorded mortgages shall be void as to creditors; and the term "creditors" is quite generally construed as meaning only those who have fastened a specific lien, though apparently broad enough to include general creditors as well. This construction is for the procedural reason that a general creditor has not by suit or otherwise secured a position for attack. That Congress has not been content with the effect of this rule upon the administration of the Bankruptcy Act of 1898, is shown by the efforts to amend and strengthen it against so-called secret liens. Manifestly the endeavor was largely in the interest of the general creditors. The chief duty of the trustee is to make the bankrupt estate available for the benefit of their claims. He has so little to do on behalf of those holding liens that it is sometimes said he is not their representative. Dudley v. Easton, 104 U. S. 99, 103, 26 L. Ed. 668. It was first held, as under prior Bankruptcy Acts, that the trustee stood in the shoes of the bankrupt, and that unrecorded transfers, good as to the bankrupt, as was almost always the case, were good as to him. This was what Congress set about to correct. One change was by the amendment of section 47a, which conferred upon the trustee the status of a lien or judgment creditor. But that status dates from the filing of the petition in bankruptcy; as regards the prior four months period, it is not retroactive. Bailey

v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275. While it is effective against transfers recorded after the petition is filed (Fairbanks Steam Shovel Co. v. Wills, Trustee, 240 U. S. 642, 36 Sup. Ct. 466, 60 L. Ed. 841, decided April 10, 1916), it is of no avail in the great majority of cases. Most of the controversies in bankruptcy cases over secret liens arise from transfers made before but recorded within the four months period. In comparatively few is the recording after the proceedings were begun. The status of the trustee in respect of the former was, therefore, of moment and concern. And, as we have already observed, the important aspect of the matter is the trustee's status as the representative of the unsecured or general creditors. If this were not so, if as regards transfers made before but recorded within the four months the disabilities under which general creditors would labor in the absence of bankruptcy proceedings were extended to the trustee, it is difficult to perceive much result of consequence in the amendment of 1910 of section 60b. Though twice amended for further effectiveness, it would be doubtful that the section, so construed, would accomplish anything of practical value. The relations between lien creditors and the holders of unrecorded transfers are fully covered by other sections of the act. If a lien creditor secures his priority over an unrecorded transfer prior to the four months period, he retains it; it does not inure to the trustee. On the other hand, if he secures it by legal proceedings within the four months period, it either falls or the trustee may take it for the general estate by subrogation under section 67f (Comp. St. 1913, § 9651). Globe Bank v. Martin, 236 U. S. 288, 35 Sup. Ct. 377, 59 L. Ed. 583; First Nat. Bank v. Staake, 202 U. S. 141, 26 Sup. Ct. 580, 50 L. Ed. 967. But, if the transfer is recorded after the petition in bankruptcy is filed, the lien status of the trustee has attached under section 47a. In none of the above cases is section 60b needed. The remedies are complete without it.

Again, original section 67a provides that "claims which for want of record or other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate." If, under the applicable registry statute, "creditors" means lien creditors, it means the same under this section. Holt v. Crucible Steel Co., 224 U. S. 262, 32 Sup. Ct. 414, 56 L. Ed. 756. Section 70e (Comp. St. 1913, § 9654), provides that the "trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value," except from a bona fide purchaser for value. The remedies in the above cases would also seem complete without section 60b. But, notwithstanding all these definite provisions, Congress was still of the opinion that an evil existed, and it sought to remedy it by the further amendment of section 60b in 1910. In the report of the House judiciary committee accompanying the amendment it was said:

"The object of this amendment is further to protect against the evil of secret liens, against which evil this same section was amended in 1903, but in such an unfortunate way as not effectually to prevent such liens."

This report was concurred in by the Senate (Senate Report No. 691, Sixty-First Congress, 2d Sess. p. 8), and was cited in Carey v. Donohue as exhibiting the spirit and purpose of the legislation. See also (D. C.) 225 Fed. 243, 249.

The Supreme Court did not have before it in Carey v. Donohue the question which arises here. Its decision was that a trustee could not, under section 60b, avail himself of a recording requirement exclusively in the interest of some one outside the purview of the Bankruptcy Act and for whom he was not authorized to speak. But the language employed in the opinion in that case is broad enough to admit of the assertion of a voidable preference by the trustee as the representative of general creditors, though while without lien they may have been remediless under the local statute, had bankruptcy proceedings not intervened. Thus it was said:

"The natural, and we think the intended, meaning was to embrace those cases in which the recording was necessary in order to make the transfer valid as against those concerned in the distribution of the insolvent estate; that is, as against creditors, including those whose position the trustee was entitled to take. * * * In the present case there was no requirement of recording in favor of creditors, either general creditors or lien creditors."

Again:

"Rather, as we have said, we deem the reference to be to requirements of registry or record which have been established for the protection of creditors —the persons interested in the bankrupt estate, and in whose behalf, or in whose place, the trustee is entitled to act."

The reasonable conclusion is that, where the applicable registry statute provides generally that an unfiled or unrecorded transfer shall be void as to "creditors," or employs words of similar import, as in Arkansas, the trustee in bankruptcy, as the representative of general creditors, may invoke the remedy of section 60b, regardless of the local construction of the statute making a procedural distinction between creditors with a lien and those without.

The decree is affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes